UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT ALAN WOLF,

                 Petitioner,

   v.

DR. KAMRAM NAFICY,

                 Respondent.

No. C11-6013 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: March 9, 2012**

On December 8, 2011, Petitioner Robert Alan Wolf filed a petition for writ of habeas corpus challenging his civil commitment to the Western State Hospital. Mr. Wolf states that he was committed to Western State for ninety days on November 14, 2011. ECF No. 1-1. His motion for leave to proceed *in forma pauperis* is pending. ECF No. 1. The undersigned reviewed Mr. Wolf's petition, but declined to serve it because it was clear from the face of the petition that the grounds for federal relief had not been properly exhausted in state court. The Court gave Mr. Wolf leave to file an amended petition under 28 U.S.C. § 2254 showing that his grounds for federal relief have been properly exhausted in state court or show cause why this matter should not be dismissed. ECF No. 3. Mr. Wolf filed a proposed amended petition. ECF No. 4. However, the amended petition suffers from the same deficiencies as the original.

**DISCUSSION**

Civilly committed persons may pursue habeas relief under 28 U.S.C. Section 2254 to challenge their involuntary civil commitment. *Duncan v. Walker*, 533 U.S. 167, 176, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (stating that a state court order of civil commitment satisfies Section 2254's "in custody" requirement); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40

REPORT AND RECOMMENDATION - 1

(9th Cir. 2005), *cert. denied*, 547 U.S. 1166, 126 S.Ct. 2325, 164 L.Ed.2d 844 (2006) ("[D]etainees under an involuntary civil commitment scheme ... may use a § 2254 habeas petition to challenge a term of confinement."). However, Mr. Wolf may pursue federal habeas relief only *after* he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Mr. Wolf provides no evidence that he has exhausted his state court remedies and in fact, it would appear that his ninety-day civil commitment has not yet concluded. Mr. Wolf does not dispute that he must first exhaust his state court remedies. However, he argues that he has the right to proceed immediately to this Court without first exhausting his state remedies because the "State Judiciary is a conspirator to the crime of conspiring to deprive [him] of [his] civil right to federal habeas corpus….". ECF No. 4, p. 15.

## CONCLUSION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus be **dismissed without prejudice** for failure to exhaust and that Petitioner's application to proceed *informa pauperis* (ECF No. 1) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

REPORT AND RECOMMENDATION - 2

objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 9, 2012**, as noted in the caption.

**DATED** this  13th  day of March, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3